IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| BLIND INDUSTRIES AND SERVICES OF MARYLAND, et al. | * * * * |
| Plaintiffs, | * * |
| v. | * Case No.: WMN-11-3562 |
| ROUTE 40 PAINTBALL PARK, | * * * |
| Defendant | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Blind Industries and Services of Maryland, Marco Carranza, James Konechne, and Ronald Cagle filed this lawsuit against Defendant Route 40 Paintball Park. The Complaint alleges that the individual Plaintiffs, who are legally blind, were denied the opportunity to play paintball at Defendant's paintball park, in violation of the Americans with Disabilities Act and the Maryland White Cane Law. This Memorandum Opinion addresses Plaintiff Marco Carranza's ("Plaintiff's") Motion to Compel, ECF No. 13, and the opposition and reply thereto.[1] Two specific issues remain for resolution from Plaintiff's original Motion to Compel: (1) Plaintiff's request that Defendant produce documents relating to a civil suit involving an injury sustained at Defendant's paintball fields; and (2) Plaintiff's request that Defendant provide additional factual support for its affirmative defenses. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's Motion to Compel is granted in part and denied in part.

---

[1] This case has been referred to a magistrate judge by Judge Nickerson to resolve discovery disputes and related scheduling matters. ECF No. 18.

I.     **Procedural History**

Plaintiff served discovery requests on Defendant on March 15, 2012. Defendant served its answers and responses on April 16, 2012. In the weeks that followed, the parties engaged in appropriate good faith negotiations to attempt to resolve the remaining disputed issues. *See generally* Attachments to Pl. Mot. to Compel. Although the negotiations were ongoing, the Local Rules require that a motion to compel be served within 30 days of receipt of dissatisfactory responses. Local Rule 104.8(a) (D. Md. 2011). As a result, Plaintiff served the instant motion on May 17, 2012.

After Plaintiff served his motion, counsel conferred on May 18, 2012. At that conference, Defendant promised to consider the issues and to respond to Plaintiff. Defendant sent Plaintiff a letter responding to the disputes on June 1, 2012, in which Defendant agreed to produce some, but not all, of the requested information. [ECF No. 16-1]. Because Plaintiff did not send a response to that letter, Defendant believed that the issues had been resolved to Plaintiff's satisfaction. Defendant therefore did not serve a formal opposition to Plaintiff's Motion to Compel before the deadline on June 4, 2012.

Plaintiff, however, actually was dissatisfied with Defendant's response to his Motion to Compel. On June 13, 2012, Plaintiff filed the instant motion with the Court, and Defendant subsequently filed an opposition. Plaintiff contends that Defendant's Opposition should not be considered because it was filed after the deadline.

**II.     Analysis**

This is a case in which compliance with the deadlines set forth in the Local Rules conflicted with the parties' continuing efforts to resolve their dispute informally.  Given Defendant's reasonable efforts to resolve the matter during the parties' negotiations, this Court will not take the draconian step of striking Defendant's Opposition.  However, counsel should note that all future filings should be made in accordance with the deadlines contained in the Local Rules.

Plaintiff submits that Defendant has been dilatory and has produced discoverable material significantly after the applicable deadlines.  Because Defendant responded late to certain requests without conferring with Plaintiff to request additional time, Defendant failed to "make good faith efforts to respond to discovery requests within the time prescribed by th[e] rules," in violation of Discovery Guideline 9.a.  *See Mezu v. Morgan State Univ.*¸ 269 F.R.D. 565, 574-75 (D. Md. 2010).  Although Defendant's delays were unjustified, Defendant's eventual but belated production of certain discovery cannot be attributed directly to Plaintiff's Motion to Compel, as opposed to the ongoing negotiations and efforts by the parties to resolve their disagreements.  Moreover, the most appropriate remedy for Defendant's delays would have been a reasonable extension of the discovery deadline to ensure Plaintiff's ability to consider Defendant's belated responses.  Plaintiff did not request an extension of the discovery deadline prior to its expiration on July 16, 2012, and it appears from the parties' status report (ECF No. 19) that discovery was successfully completed.

With respect to the motion to compel, the parties cite two specific areas remaining in dispute.  Those issues are addressed sequentially below.

### A. The *Bart* Lawsuit

Plaintiff's Document Request No. 11 asked for, "All Documents and Communications relating to complaints, grievances, citations, or claims made against the Park by any person for . . . negligence of any type, or safety hazards of any type." Pl. Mot. to Compel at 15. Defendant responded that it would "produce non-privileged documents from January 2009 to the present that are responsive to Request No. 11." *Id.* at 16. However, after receiving Defendant's responsive production, Plaintiff noted that Defendant failed to produce documents relating to a tort action filed by E. West Bart alleging unsafe conditions at Defendant's paintball fields ("the *Bart* lawsuit"). [ECF No. 17-1]. Defendant responds that the *Bart* lawsuit is irrelevant to Plaintiffs' claims. Def. Opp. at 4.

The *Bart* lawsuit is entirely dissimilar to the instant action, because it involved alleged injury to a paintball player instead of alleged discrimination against prospective paintball players. However, because Defendant contends that the individual Plaintiffs' visual impairments posed a safety concern to Plaintiffs and others, basic information about recent safety issues encountered by other patrons at the paintball park meets the low standard for relevance required for discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Plaintiff's request, however, goes beyond just basic information by seeking all responsive documents and communications about any such incidents. Requiring an extensive review of files pertaining to an unrelated lawsuit, in light of the limited relevance to and factual dissimilarity to Plaintiffs' claim, would violate the principles of proportionality that Fed. R. Civ. P. 26(b)(2)(C) applies to all discovery. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269

F.R.D. 497, 516 (D. Md. 2010). The burden and expense of such a review would be compounded by issues of attorney-client privilege inherent in reviewing files from a legal action.

Basic information about Mr. Bart's lawsuit is readily available. In fact, it is possible that Plaintiff already has obtained the *Bart* file from the state courthouse. This Court will therefore grant Plaintiff's motion in part, but will not impose on Defendant the entire burden to produce records that Plaintiff might have obtained through his own efforts. If Plaintiff so requests, Defendant is ORDERED to produce to Plaintiff copies of any publicly filed documents pertaining to the *Bart* litigation that are in Defendant's possession. The parties are to share equally the cost of copying and producing any such records. If any of the public filings from the *Bart* case are not in Defendant's possession, Defendant should specifically advise Plaintiff, who can then seek to obtain those records from the state court.

### B. Factual Support for Affirmative Defenses

Plaintiff further contends that Defendant failed to provide adequate answers to Plaintiff's Interrogatories No. 11 and 13, which sought the factual basis underlying two of Defendant's affirmative defenses. Most district courts, including this one, have determined that the heightened pleading standard enunciated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-84 (2009) apply to affirmative defenses. *See, e.g., Haley Paint Co. v. E.I. DuPont de Nemours and Co.*, 279 F.R.D. 331 (D. Md. 2012); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D. Md. 2010). As a result, Defendant needs to provide sufficient factual support to "ensure that an opposing party receives fair notice of the factual basis" for the assertion of each affirmative defense. *Haley Paint*, 279 F.R.D. 331. The pleading standard requires that the "non-conclusory factual content and the reasonable inferences from that content[], must plausibly suggest a cognizable defense available to the defendant." *Id.*

5

*(citing Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.*, No. ELH-10-2091, 2011 WL 631145 at * 15 (D. Md. Feb. 11, 2011)).  Although Plaintiff requests that Defendant's two affirmative defenses be stricken, that action is disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001).

Plaintiff's Interrogatory No. 11 sought information to support the affirmative defense that "the access sought by Plaintiffs and the relief that they request would pose a direct threat to the health and safety of Plaintiffs and/or others."  In response, Defendant cited to its answers to Interrogatories No. 5 and 9.  Defendant's Answer to Interrogatory No. 5 directly quoted the "Playing Rules" of the paintball park, which include the rule, "Blind shooting is not allowed.  Look at what you are shooting."  Pl. Mot. to Compel at 9.  Defendant's Answer to Interrogatory No. 9 stated, in relevant part, "the facility was extremely crowded," "when the individuals' reservation was made, Defendants were not informed that they were visually impaired," "they did not have a sighted person with them to assist them," "they had not signed Defendant's Waiver and Release of Liability," and "they were unable to comply with the facilities' rules and conditions of use."  Pl. Mot. to Compel at 10-11.

For the purposes of this Motion to Compel, this Court need not consider whether the rule prohibiting "blind shooting" constitutes discrimination against visually impaired individuals.  The limited question before this Court is whether Defendant's Answers to Plaintiff's Interrogatories provided fair notice of the basis of Defendant's assertion of its affirmative defenses.  This Court finds that the answers were sufficient.  Taken in totality, and drawing reasonable inferences from the facts provided, the Answers to Interrogatories No. 5 and 9 illustrate that Defendant asserts that allowing Plaintiffs to play paintball in a crowded facility

without assistance from a sighted individual would pose a threat to the health and safety of Plaintiffs and others.

Similarly, Interrogatory No. 13 sought information to support the affirmative defense that, "Plaintiffs failed to conform to the usual and regular requirements, standards, and regulations upon which access is conditioned." In response, Defendant again cited to its Answer to Interrogatory No. 5. That answer included the rule prohibiting "blind shooting." Although Defendant certainly could have provided additional factual explication of the connection between the individual Plaintiffs' visual impairments and the paintball park's rules, the *Twombly* and *Iqbal* standards do not require such explication if a reasonable and adequate inference can be drawn from the facts provided. A reasonable person can infer Defendant's argument: that a person with visual impairment cannot comply with a regulation requiring a player to look at his or her target. Whether that argument is valid, and whether that regulation violates anti-discrimination laws, will be decided in the substantive adjudication of this case, not in the context of a discovery dispute. As a result, Plaintiff's Motion to Compel further responses to his Interrogatories will be denied.

### C.  Attorneys' Fees and Costs

Because the relief granted as a result of Plaintiff's motion is limited, particularly in light of the broad scope of his original motion to compel, this Court declines to apportion attorneys' fees and costs for this motion. Fed. R. Civ. P. 37(a)(5). The circumstances make an award of expenses unjust.

Dated: July 17, 2012                                   /s/
                                              Stephanie A. Gallagher
                                              United States Magistrate Judge