**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| BLIND INDUSTRIES AND SERVICES | * | |
| OF MARYLAND, et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: WMN-11-3562 |
| | * | |
| ROUTE 40 PAINTBALL PARK, | * | |
| | * | |
| Defendant | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiffs Blind Industries and Services of Maryland ("BISM"), Marco Carranza, James Konechne, and Ronald Cagle filed this lawsuit against Defendant Route 40 Paintball Park. The Complaint alleges that the Defendant paintball park discriminatorily denied access to the individual Plaintiffs, who are legally blind. This Memorandum Opinion addresses Defendant Route 40 Paintball Park's Motion to Compel, [ECF No. 28], and the opposition and reply thereto.[1] Specifically, Defendant filed this Motion to obtain an answer to its Interrogatory No. 5 and Request for Production of Documents No. 10, both of which seek information and documents relating to BISM's social outings[2] from the previous six years. A hearing is

---

[1] This case has been referred by Judge Nickerson to a magistrate judge to resolve discovery disputes and related scheduling matters. [ECF No. 18].

[2] BISM offers a program of education and training for the blind, seeking to help the blind reach their potential for living and working independently. Compl. ¶ 5. The individual Plaintiffs were students in BISM's program at the time of the events alleged in the Complaint. BISM students plan various social outings as part of the program. The Complaint alleges that the trip to the Defendant paintball park was one such social outing. Compl. ¶ 14.

unnecessary in this case.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated herein, Defendant's Motion to Compel is denied.

Defendant served discovery requests on BISM on May 2, 2012.  BISM served its answers to interrogatories and responses to requests for production on June 1, 2012, objecting to Interrogatory No. 5 and Request for Production No. 10 on the basis of relevance.  On July 3, 2012, Defendant wrote a letter to BISM identifying alleged deficiencies in BISM's responses. BISM responded in writing on July 30, 2012, again objecting to the requests.  The parties spoke via telephone on August 6, 2012, attempting to resolve the dispute.  This conversation was to no avail, however, and Defendant filed this Motion to Compel on August 8, 2012.

In filing its Motion to Compel, Defendant failed to comply with the Local Rules and this Court's Scheduling Order.  Local Rule 104.8 requires that motions to compel be served within 30 days of the time that the moving party receives unsatisfactory responses to its discovery requests.  Here, BISM responded to Defendant's discovery requests on June 1, 2012, and Defendant did not file its Motion to Compel until more than two months later, on August 8, 2012.  Clearly, Defendant filed this Motion well beyond the allotted thirty day period.

Defendant concedes that its Motion was not timely filed, but argues that technical tardiness is not fatal.  Under the circumstances presented, this Court disagrees.  In *Webb v. Green Tree Servicing LLC*, No. ELH 11-2105, 2012 WL 3139551, at *1 (D. Md. July 27, 2012), the plaintiff filed its motion to compel "well beyond" the thirty day deadline set forth in Local Rule 104.8, and less than thirty days before the close of discovery.  The Court noted that plaintiff's belated motion was especially troubling because if it were granted, it would disrupt the Scheduling Order by extending the discovery deadline.  *Id.*  As such, the court denied plaintiff's

motion to compel.[3]  *Id.*; *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332-33 (N.D.Ill. 2005) (noting that while the timeliness for filing a motion to compel depends on the circumstances of each case, "motions to compel filed after the close of discovery are almost always deemed untimely.").

Here, Defendant's belated filing is unjustified.  On June 1, 2012, BISM expressly objected, in full, to both the interrogatory and the request for production.  Defendant did not have to undertake any extensive review of documents or records to ferret out the alleged insufficiency of BISM's responses, since BISM offered no responses.  Moreover, Defendant certainly knew of the alleged deficiencies at least as of July 3, 2012, as Defendant wrote BISM a letter on that date highlighting the deficiencies.  However, Defendant did not file its Motion until well beyond the thirty day limit, and several weeks after the discovery deadline of July 16, 2012.  [ECF No. 15]. Defendant's Motion to Compel was also filed after BISM filed its summary judgment motion on July 23, 2012.  [ECF No. 22].  Moreover, Defendant's tardy motion came after both parties in this case were warned by this Court that all future filings should be made in accordance with the Local Rules.  [ECF No. 21].  Defendant has not shown, or attempted to show, any good cause for its delay.

In attempting to distinguish *Webb,* Defendant further argues that granting its Motion would not necessitate an amendment of the Scheduling Order or an extension of the discovery deadline.  Reply at 2.  If, however, this Court ordered BISM to answer the disputed interrogatory and produce additional documents, discovery would effectively be re-opened.  BISM would have to search for, sort through, and produce numerous documents to properly respond to Defendant's

---

[3] Although the court in *Webb* did deny the motion to compel on other grounds as well, it was clear in holding that the tardiness of the motion alone was sufficient grounds for denial.  *See Webb* at 1.

interrogatory and document request.  Moreover, discovery often begets discovery.  Defendant, upon receiving BISM's compelled responses, may wish to explore new information received, thus seeking additional extended discovery.  This result is untenable after the close of the scheduled discovery period.  *See Webb*, 2012 WL 3139551, at *1; *see also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (holding that the district court did not abuse its discretion in denying plaintiff's motion to compel as untimely where plaintiff knew of insufficient discovery responses before the discovery deadline but failed to file its motion to compel until after the close of discovery and after defendants had filed their summary judgment motion).

Defendant also argues that BISM is "not prejudiced by having to respond to discovery requests in the middle of summary judgment briefing."  Reply at 2.  This argument is not persuasive.  The entire purpose of scheduling orders is to "provide concrete deadlines on which the parties can rely in planning their respective litigation strategies."  *McLaughlin v. Diamond State Port Corp.*, No. C.A. 03-617(GMS), 2004 WL 2958664, at *4 (D. Del. Dec. 21, 2004); *see also Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) (noting that a Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").  These deadlines allow parties to estimate the costs that will be incurred as they move towards trial, and to make informed decisions on strategic motions and settlement negotiations.  As such, this Court will not allow Defendant's disregard for the Local Rules and Scheduling Order to delay this case or to compel BISM to incur additional costs.[4]

---

[4]A ruling for Defendant would also be inconsistent with Fed. R. Civ. P. 1, which states that all federal rules of civil procedure, including the rules governing discovery, should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and

Last, BISM argues that the disputed interrogatory and request for production are irrelevant and outside the scope of permissible discovery.  In discovery, parties may seek any non-privileged information that is relevant to a claim or defense.  Fed. R. Civ. P. 26(b)(1). Relevant evidence is evidence that has any tendency to make a fact of consequence "more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Parties may also seek relevant inadmissible information if it "appears reasonably calculated to the lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Here, Defendant seeks documents and information regarding all social outings taken by BISM students from 2006 to present.  Defendant argues that this information is relevant to determining whether the individual Plaintiffs could have safely participated in paintball activities.  BISM argues that this information is irrelevant because the requests were not limited to the individual Plaintiffs here, and because the requests are not limited to activities similar to paintball.  This Court agrees with BISM that the only potentially relevant social outings were those attended by the individual Plaintiffs.  Blind individuals, like sighted individuals, have different limitations and different ability levels.  To assume that one blind individual's ability to partake in an activity has any bearing on another blind individual's ability to partake in a similar activity would be, as BISM states, inappropriate.  As such, Defendant's attempt to compel information relating to social outings not attended by the individual Plaintiffs is denied on the basis of relevance as well.

It should be noted that the individual Plaintiffs' prior social outings might be relevant to determining whether they could safely participate in paintball.  However, Defendant has had the

---

proceeding." Fed. R. Civ. P. 1.  Compelling BISM to produce discovery after the discovery deadline where no good cause has been shown promotes neither the speedy nor the efficient resolution of this matter, particularly because potentially dispositive motions are now pending. [ECF No. 22, 24].

opportunity to depose the individual Plaintiffs and to question those Plaintiffs about their participation in social outings.   Any information that Defendant may have compelled via the instant Motion, had it been timely filed, would be largely duplicative.   Perhaps as a result, Defendant has not argued that it will suffer any prejudice without the information it belatedly seeks to compel.

For the reasons set forth above, Defendant's motion to compel is denied.   A separate order follows.


Dated: September 26, 2012                           _____/s/_____

                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge